Kirkpatrick, C. J.
— The fourth reason assigned for the reversal of this judgment is, in substance, that it does not appear from the proceedings of the justice, that the jurors-•who tried the cause, were legally summoned; or in other words, that the venire is erroneous.
In the twentieth section of the act constituting courts for the trial of small causes, it is said, that if either party shall demand a trial by jury, a venire shall be issued to summon twelve men, if the demand exceed sixteen dollars, being citizens of this State, above the age of twenty-one years and under the age of sixty-five, and freeholders in the comity where the cause is to be tried, and in no wise of Idn to the plaintiff or the defendant, nor interested in the suit.
*51 The venire issued in this cause, is to summon twelve good and lawful men of said county, being freeholders of the same, and who neither to Benjamin Scudder, the plaintiff, nor to Daniel Sayres, the defendant, in any affinity [*] do touch; not directing, according to the act, that they should be citizens of this State, above the age of twenty-one, and under the age of sixty-five years, and disinterested in the suit.
The words of the act appear to me to be mandatory. [39] And it would seem the more reasonable that they should be so, because the general provision with respect to the qualifications of jurors ..contained in the act relative to jurors and verdicts, does not apply to jurors, in those courts for the trial of small causes; nor upon the words of that act, could any exception be taken for want of such qualifications. To use the words good and lawful men, will not be sufficient, for there is no rule declaring who are good and lawful men as jurors in these courts, except the very section now under consideration, and that does it only by way of prescribing the maimer in which the venire shall be issued.[1]
I am of opinion that the judgment must be reversed forth is reason.
Rossell, J.
— Did not agree with the chief justice as to the objection arising on the defect of the venire, but agreed to reverse the judgment of the justice, on the ground that the state of demand exceeded $100.
Pennington, J.
— I think that this judgment should be reversed for the following causes:
1st. That tort and contract are joined together in the same action; that is, damages for trespass on land, and work and labor, board and diet, grain sold and delivered, &c.
2d. That the state of demand filed, exceeded in amount one hundred dollars; and therefore that the justice had not jurisdiction of the cause.
3d. That the justice overruled the plea of the statute of *52 limitations, which the defendant had pleaded. This was an unwarrantable exercise of authority in the justice; depriving the defendant of a right he had acquired under the statute law of,the State. So far from frowning [*] at the statute of limitations, it was in this case to be favored. The charges were of such a nature as to excite suspicion against their fairness; such as damage done by cattle, ten or twelve years before the action brought; oxen part of a day; board, one, two, or three days; attendance one day when sick; fork-tines brought home without a handle, ten years before action brought, and other items of a like suspicious kind; and no charge since the year 1797; and part of the account upwards of twenty years standing; the whole prima facie barred by the statute of limitations; and, therefore, a proper subject of a plea of that statute, which plea ought not to have been overruled.
Isaac H. Williamson, for the plaintiff.
Judgment reversed.
Contra, Veal v. Brown, 1 Penn. 72; Bartow v. Murry, 1 Penn. 97.

 Ruled contra. Vide post, *97, Bartow v. Murry.